UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER HEIDE, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | C16-652 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on defendant's motion for partial summary judgment, docket no. 15, to dismiss plaintiff's claims for insurance bad faith and violation of Washington's Insurance Fair Conduct Act ("IFCA") and Consumer Protection Act ("CPA"). Having reviewed the motion and all relevant filings, the Court enters the following Order.

**Background**

On May 27, 2015, plaintiff Christopher Heide was driving his mother's 2006 Honda Accord eastbound on James Street in Seattle when uninsured motorist Heather Green struck the rear passenger side of his vehicle while changing lanes. In June of 2015, plaintiff tendered a claim for Underinsured Motorist ("UIM") coverage to

ORDER - 1

defendant State Farm Mutual Automobile Insurance Company ("State Farm"), his mother's insurer. Plaintiff reported to Claims Specialist Jen Miller that the accident had caused pain in his "lower back on the left side" and in his "upper left leg." Decl. of Dan Kirkpatrick, docket no. 16, Ex. B at 22 (Claim File).

Plaintiff spoke with Ms. Miller again on August 25, 2015, and reported that he had been hospitalized for internal bleeding, that he "believes it is in [his] GI tract," that his doctors believed "Ibuprofen contributed to the bleed," and that he was continuing to receive treatment for the bleeding. *Id.* at 18. In October 2015, plaintiff informed State Farm he had retained counsel who, in February of 2016, submitted a demand letter requesting the per-person policy limits of $50,000. *Id.* at 31-41. In addition to alleging coverage of his back injury, plaintiff asserted that his gastro-intestinal bleeding was covered under the UIM policy because it was caused by his use of non-steroidal anti-inflammatory drugs ("NSAIDs"), which he used to treat pain caused by his back injury in lieu of opiates due to a history of narcotic abuse. *Id.* at 33. On February 19, 2016, Injury Claim Trainer, David Guanay conducted a review of plaintiff's medical records related to the gastro-intestinal bleeding and concluded that although the "etiology of [plaintiff's] bleeding is still unknown" his "GI bleeds are thought to be the result of the use of too much NSAID medication." *Id.* at 18.

On March 8, 2016, Ms. Miller extended an initial offer of $11,900.00. *Id.* at 24. Ms. Miller also discussed the claim with plaintiff's attorney and explained that State Farm did not consider any of the treatment for plaintiff's gastro-intestinal bleeding as related to the accident. *Id.* at 16. On March 30, 2016, after receiving the 20-day IFCA

violations notice required by RCW 48.30.015(8) from plaintiff's counsel, State farm increased its offer to $12,840.00, payment of fees under *Winters*,[1] and waiver of $4,970.90 in Personal Injury Protection ("PIP") benefits. Plaintiff rejected State Farm's offer and filed this lawsuit on April 6, 2016. Summons and Complaint, docket no. 2.

**Discussion**

   **A. Legal Standard**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012). The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has satisfied its burden, the party opposing the motion must set forth specific facts demonstrating that there is a genuine issue for trial. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1059 (9th Cir. 2012). While "all justifiable inferences" are to be drawn in favor of the non-moving party, *id.* at 255, when the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.

---

[1] *Winters* fees, also known as *Hamm* fees, require a PIP insurer "to share pro rata in the attorney fees incurred by an injured person when the recovery benefits the PIP insurer." *Matsyuk v. State Farm Fire & Cas. Co.*, 173 Wn.2d 643, 647 (2012).

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted).

**B. Analysis**

    a. **IFCA**

State Farm argues that plaintiff's IFCA claim must be dismissed because State Farm did not unreasonably deny coverage or payment of benefits, but instead made an offer based on a reasonable dispute over the value of the claim. Plaintiff, on the other hand, contends that State Farm's offer violated IFCA because State Farm unreasonably determined that plaintiff's gastro-intestinal bleed was unrelated to the accident.[2]

IFCA provides that any "first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action . . . to recover the actual damages sustained." RCW 48.30.015(1). Decisions in this district, including one from this Court, have concluded that the "payment of benefits" prong of IFCA covers scenarios where an insurer makes an unreasonably low offer. *See, e.g.*, *Kovarik v. State Farm Mutual Automobile Insurance Co.*, 2016 WL 4555465, at *3 (W.D. Wash. Aug. 31, 2016) (Zilly, J.); *Morella v. Safeco Ins. Co. of Ill.*, 2013 WL 1562032, at *3 (W.D. Was. Apr. 12, 2013) ("Where an insurer pays or offers to pay a paltry amount that is not in line with the losses claimed, is not based on a reasoned evaluation of the facts . . . and would not compensate the insured for the loss at issue, the

---

[2] Plaintiff argues briefly that State Farm "essentially ignored" plaintiff's back injury in making its offer, but this assertion is simply untrue. State Farm agreed that plaintiff's back injury was related to the car accident and based its offer on its evaluation of the damages related to that injury.

ORDER - 4

benefits promised in the policy are effectively denied.").[3]  A determination of whether an offer effectively denies an insured the benefits of the insurance policy should focus "primarily on what [the insurer] knew or should have known at the time the offer was made." *See Morella*, 2013 WL 1562032, at *4.

The reasonableness of State Farm's offer here turns on whether plaintiff's internal bleeding can be traced to plaintiff's use of NSAIDs he took to manage pain resulting from the car accident.  If it was unreasonable for State Farm to determine that plaintiff's gastro-intestinal bleeding was unrelated to his use of NSAIDs, then its offer was unreasonable and in violation of IFCA because State Farm offered an amount it knew, in light of the medical evidence it received from plaintiff, was significantly less than the value of plaintiff's claim.  *See Morella*, 2013 WL 1562032, at *4 (holding that, as a matter of law, an insurer's offer was an unreasonable denial of the payment of benefits where it valued the claim internally between $11,194.80 and $15,694.80 but offered only $1,500 to settle the claim).

---

[3] State Farm argues that the Washington Supreme Court's recent decision in *Perez-Crisantos v. State Farm Fire and Casualty Co.*, 187 Wn.2d 669 (2017) confirms that a dispute over value is not enough to support extra contractual claims.  But *Perez-Crisantos* cannot be reasonably read to displace the decisions holding that unreasonably low offers by an insurer that effectively deny the benefits owed to an insured constitute actionable violations of IFCA.  *See Bauman v. American Commerce Insurance Co.*, 2017 WL 635777, at *2 (W.D. Wash. Feb. 16, 2017) (noting that the Washington Supreme Court confined the IFCA issue in *Perez-Crisantos* to the narrow question of whether regulatory violations create a actionable IFCA claim and that their holding in the negative was commensurately narrow).  *Perez-Crisantos* simply confirms the position judges in the Western District have taken for years: that regulatory violations alone do not create a cause of action under IFCA absent an underlying denial of coverage or payment of benefits.  *See Kovarik*, 2016 WL 4555465, at *3 (collecting cases).  The question here is whether, considering the facts and circumstances surrounding the offer, a jury could find that State Farm acted without "reasonable justification" when it determined that plaintiff's gastro-intestinal bleed was unrelated to the accident.  *See Keller v. Allstate Ins. Co.*, 81 Wn. App. 624, 634-35 (1996); *see also Am. Mfrs. Mut. Ins. Co. v. Osborn*, 104 Wn. App. 686, 700-01 (2001).

Ultimately, the Court finds that there is a genuine dispute of material fact concerning the reasonableness of State Farm's determination that plaintiff's gastro-intestinal bleeding was unrelated to the accident.[4] Although no doctor has been able to conclusively determine the etiology of plaintiff's gastro-intestinal bleeding, NSAIDs are a well-known risk factor and the claim file clearly indicates that State Farm knew at the time it made the offer that plaintiff's medical providers believed that NSAIDs were the cause. *See, e.g.*, Kirkpatrick Decl. at 18 (". . . SMR documents clearly state his GI bleeds are thought to be the result of the use of too much NSAID medication."); *id.* at 43 ("The medical records reflect that the etiology of [plaintiff's] GI bleed is unknown, though his treating providers suspected it was related to Mr. Heide's use of Ibuprofen following the accident."). None of plaintiff's diagnostic testing definitively ruled out the possibility that NSAID use caused plaintiff's gastro-intestinal bleeding, *see* Kirkpatrick Decl., Ex. E (Report of Charles Bedard M.D.) at 70 (noting that there is "no confirmatory evidence" that plaintiff's gastro-intestinal bleeding was related to the use of NSAIDs), and no medical provider discovered evidence of an alternative cause, *see id.* (noting that other possible causes were "not detected by diagnostic studies"). Viewing this evidence in the light most favorable to plaintiff, the Court cannot conclude that State Farm's

---

[4] Defendant's reliance on *Beasley v. State Farm Mut. Auto Ins. Co.*, 2014 WL 1494030 (W.D. Wash. Apr. 16, 2014) (Lasnik, J.) for the proposition that it did not deny plaintiff any payment of benefits because State Farm paid $10,000 in personal injury protection benefits and offered to pay $12,840 in UIM coverage is unavailing. *Beasley* does not hold that any offer of payment, reasonable or not, removes a claim from the ambit of IFCA, but instead concludes, under the specific facts of that case, that the insurer did not act unreasonably as a matter of law in making the settlement offer it did. *See Beasley*, 2014 WL 1494030, at *6 ("Because reasonable minds could not differ as to the reasonableness of Defendant's actions, summary judgment is appropriate." (citing *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 486 (2003)). Here, as discussed below, and unlike *Beasley*, reasonable minds *could* differ as to the reasonableness of State Farm's determination that plaintiff's gastro-intestinal bleeding was unrelated to his NSAID use.

determination concerning plaintiff's gastro-intestinal bleeding was reasonable as a matter of law. Despite the absence of confirmatory diagnostic medical evidence, taking justifiable inferences in the plaintiff's favor, reasonable minds could differ on the question of whether State Farm's determination was reasonable given that NSAID use was the only discernable cause of the gastro-intestinal bleeding identified by plaintiff's medical providers. Accordingly, as to plaintiff's IFCA claim, State Farm's motion for summary judgment is DENIED.

### b. Bad Faith

An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith. *See Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484 (2003). To succeed on a bad faith claim, an insured is required to show that an insurer acted unreasonably, frivolously, or in an unfounded manner. *Id.*; *see also Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 329-30 (2000) ("The determinative question is reasonableness of the insurer's actions in light of all the facts and circumstances of the case."). Accordingly, an insurer is only entitled to dismissal of a bad faith claim on summary judgment if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances. *Smith*, 150 Wn.2d at 484. If reasonable minds could differ on whether an insurer acted reasonably, summary judgment is not appropriate. *Id.*

Plaintiff's bad faith claim encompasses the same allegedly unreasonable conduct as his claim under IFCA: State Farm's determination that his gastro-intestinal bleeding

was unrelated to the accident.[5]  Here, as discussed above in connection with plaintiff's claim under IFCA, there are disputes of material fact as to whether State Farm's acted reasonably in making the settlement offer it did in light of its knowledge that plaintiff's medical providers suspected that his gastro-intestinal bleeding may have been caused by NSAID use. Accordingly, as to plaintiff's claim for insurance bad faith, State Farm's motion for summary judgment is DENIED.

### c. CPA

Finally, State Farm argues that summary judgment is appropriate on plaintiff's CPA claim because plaintiff cannot establish a cognizable injury under the CPA as a matter of law.  The Court agrees.  A prima facie CPA claim requires a plaintiff to show: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4) injury to business or property; and (5) proximately caused by the unfair or deceptive act. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986).  Injuries that are derivative of a plaintiff's personal injuries do not constitute an injury to business or property sufficient to sustain an action under the CPA. *See Kovarik*, 2016 WL 4555465, at *3 (collecting cases); *see*

---

[5] Plaintiff briefly argues that State Farm unreasonably investigated plaintiff's claim, but fails to provide any explanation of how State Farm's investigation was deficient.  Plaintiff's expert opines that "[i]t appears from the claim file that State Farm failed to base its evaluation and offers on a reasonable investigation," but this opinion is premised entirely on his conclusion that State Farm should have "paid limits if it considered the GI bleed to be part of the UIM claim." *See* Decl. of Gary Williams, docket no. 19-1 at 10.  As far as the Court can determine, there are no additional investigative steps that would have shed further light on the etiology of plaintiff's gastro-intestinal bleeding and plaintiff has identified none.  The real dispute in this case is not about State Farm's investigation, but rather, concerns the reasonableness of State Farm's determination that plaintiff's gastro-intestinal bleeding was unrelated to the accident in light of the medical evidence available to State Farm at the time the settlement offer was made.

*also Ambach v French*, 167 Wn.2d 167, 173 (2009).  Plaintiff's claimed CPA injuries—unpaid medical bills, lost wages, and pain and suffering arising from the car accident—are exactly what he would recover in a successful personal injury suit against the uninsured driver and are therefore not recoverable under the CPA.  *See Hiner v. Bridgestone/ Firestone, Inc.*, 91 Wn. App. 722, 730 (1998), *rev'd on other grounds*, 138 Wn.2d 248 (1999) (concluding that lost wages, medical expenses, and damage to vehicle are not cognizable injuries under the CPA because they arose from plaintiff's personal injuries); *see also Ambach*, 167 Wn.2d at 173 (citing *Hiner* for the proposition that medical bills and lost wages do not constitute a cognizable injury to business or property under the CPA).  Because plaintiff has failed to submit evidence of any injury to business or property, State Farm's motion for summary judgment as to plaintiff's CPA claim is GRANTED.

**Conclusion**

For the foregoing reasons, State Farm's motion for summary judgment, docket no. 15, is GRANTED in part and DENIED in part.  Plaintiff's CPA claim is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 26th day of May, 2017.

Thomas S. Zilly
United States District Judge

ORDER - 9